IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARLEYSVILLE PREFERRED INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | CIV. ACT. NO. 1:20-cv-340-TFM-B
| INTERNATIONAL PAPER CO., *et al*., | ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Now pending before the Court are Defendants John R. Dailey, Sr. and JRD Contracting, Inc.'s *Motion to Dismiss* (Doc. 6, filed 7/23/20) and *Defendant International Paper Company's Motion to Transfer Venue to the United States District Court for the Western District of Tennessee* (Doc. 9, filed 7/23/20). Plaintiff timely filed its responses in opposition (Docs. 21, 22). Defendant International Paper Company filed its reply (Doc. 23, filed 8/21/20) and Plaintiff filed a sur-reply (Doc. 28). The motions are fully submitted and ripe for review. After a careful review of the motions, responses, replies, sur-reply, the pleadings, and the relevant case law, the Court **DENIES** the motions for the reasons articulated below.

I.   PARTIES, JURISDICTION, AND VENUE

Plaintiff Harleysville Preferred Insurance Company ("Plaintiff" or "Harleysville") asserts its Complaint for Declaratory Judgment wherein it seeks a determination on coverage related to the policies cited in the complaint. *See* Doc. 1. Harleysville brings this suit pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. A federal court has diversity jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

The policies at issue each have limits of $1,000,000.00 per occurrence, $2,000,000.00 general aggregate (other than products-completed operations), and $2,000,000.00 aggregate (products/completed operations). Doc. 1 at 5. Therefore, the Court finds that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

Next, the Court turns to the diversity of citizenship. Harleysville is an Ohio corporation with its principal place of business in Harleysville, Pennsylvania. Defendant International Paper Company ("IP") is a New York corporation with its principal place of business in Memphis, Tennessee. Defendant JRD Contracting & Land Clearing, Inc. ("Land Clearing") is an Alabama corporation with its principal place of business in Camden, Alabama. Defendant John R. Dailey, Sr. ("Dailey") is a citizen of Alabama. Defendant JRD Contracting, Inc. ("JRD Contracting") is an Alabama corporation with its principal place of business in Camden, Alabama. *Id*. at 2. Based on this information, diversity of citizenship is also satisfied and diversity jurisdiction is established.

Harleysville asserts venue is proper under 28 U.S.C. § 1391 because all Defendants reside within the Southern District of Alabama (the Court's location). Specifically IP owns and operates paper mills and other facilities in Wilcox County, Baldwin County, and Dallas County all of which are within the Southern District of Alabama. Land Clearing and JRD Contracting have their principal place of business in Camden, a city in Wilcox County – located within the Southern District of Alabama. Finally, Dailey is also domiciled in Wilcox County, Alabama. Harleysville therefore asserts venue is proper under 28 U.S.C. § 1391(b)(1).

IP challenges venue arguing that the claims are subject to a binding forum selection clause requiring transfer to the United States District Court for the Western District of Tennessee. IP further claims that Defendants Dailey and JRD Contracting were improperly

misjoined to give the illusion that venue in Alabama is proper and should also be dismissed. Dailey and JRD Contracting concurrently file a motion to dismiss reiterating their claims of misjoinder.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2020, Harleysville filed its complaint for declaratory judgment against IP, Land Clearing, Dailey, and JRD Contracting. *See* Doc. 1. The declaratory judgment action relates to two underlying lawsuits -- *John R. Dailey Sr. and JRD Contracting, Inc. v. International Paper Company*, Civ. Act. No. CV-2018-900045.00 in the Circuit Court of Wilcox County, Alabama ("Alabama Action") and *International Paper Company v. JRD Contracting & Land Clearing, Inc.*, Civ. Act. No. 2:20-cv-2113 (W.D. Tenn) ("Tennessee Action"). Harleysville seeks a declaration that it owes no coverage to IP based on the commercial insurance policies issued to Land Clearing, that it owes no duty to defend or indemnify IP for the claims in the Alabama Action, and that it owes no coverage to Land Clearing for the claims in the Tennessee Action. *See* Doc. 1.

As background, IP and Land Clearing entered into a Waste Services Agreement ("WSA") under which Land Clearing contracted to handle, transport, and dispose of Organo-Ash for IP. In the Alabama Action, Dailey Sr. and JRD Contracting claim that IP damaged their property through the deposit of Organo-Ash (a harmful substance). Dailey Sr testified that Land Clearing deposited the Organo-Ash on Dailey Sr and JRD Contracting's property which ultimately damaged the property. The complaint alleges six counts – Negligence, Fraudulent Misrepresentation, Fraudulent Suppression/Concealment, Private Nuisance, Trespass, and Wantonness. *Id.* at 4, 6-9.

In the Tennessee Action, IP claims that Land Clearing owes IP indemnity against the

Alabama Action pursuant to the WSA. *Id*. at 4.

By letter dated March 23, 2020, IP's counsel notified Harleysville of the Alabama Action and demanded its defense and indemnification as an additional insured under the policies Harleysville issued to Land Clearing. *Id*. By letter dated March 25, 2020, an attorney notified the insurance producer of the Tennessee Action and asked whether a defense and coverage would be provided. The insurance producer forwarded the letter and complaint to Harleysville. By letters to IP's counsel and to Land clearing dated May 15, 2020, Harleysville denied coverage for both the Alabama Action and the Tennessee Action based on the Pollution Exclusion in the policies, IP and Land Clearing's breaches of the Policies' notice conditions, and other grounds. *Id*. By letter dated June 4, 2020, IP's counsel disputed the denial of coverage. Harleysville filed the instant declaratory judgment action on June 30, 2020.

Further, in the Tennessee Action, Land Clearing did not file an answer and IP moved for default which was entered on May 27, 2020. *Id*. at 4-5. The Court in the Western District of Tennessee granted the request for default judgment on July 17, 2020. *See* Tennessee Action, Docs. 11, 12. The order states as follows:

> 1.  That Plaintiff is entitled to a default judgment on its declaratory judgment claim and breach of contract claim (liability only).
>
> 2.  That (a) Defendant is required to defend and indemnify Plaintiff in the action brought against Plaintiff and its employees Janet Pridgeon, Joni Harris and Shawn Blenis in the Circuit Court of Wilcox County, Alabama by John R. Dailey, Sr. and JRD Contracting, Inc. (the "Wilcox County Action"), per the terms of the Waste Services Agreement; and (b) Defendant was required to place its insurance carriers on notice of the claims against IP in the Wilcox County Action.
>
> 3.  That Defendant has breached the Waste Services Agreement by failing to defend and indemnify Plaintiff in the Wilcox County Action and by failing to place its insurance carriers on notice of the claims against Plaintiff in the Wilcox County Action. The Court reserves the issue of damages for Defendant's breach of the Waste Services Agreement pending resolution of the Wilcox

>County Action.
>
>4.       That this judgment will become a final judgment without further notice pursuant to Fed. R. Civ. P. 55(b)(1) should Defendant fail to show good cause to set aside this judgment within a reasonable time pursuant to Fed. R. Civ. P. 55(c) or Fed. R. Civ. P. 60(b).

Tennessee Action, Doc. 12 at 2. As a result of this default judgment, IP has become a judgment creditor of Land Clearing with the right to proceed directly against Harleysville under Ala. Code § 27-23-2 as a compulsory counterclaim.

At issues are the commercial general liability policies issued to Land Clearing bearing policy no. MPA00000022969R effective through annual renewals from August 31, 2015 to August 31, 2018 (collectively "the Policies"). *See* Doc. 1 at 5, Exhibits 1-3. The Policies have limits of $1,000,000.00 per occurrence, $2,000,000.00 general aggregate (other than products-completed operations), and $2,000,000.00 aggregate (products/completed operations). *Id*. at 5. The Policies include endorsements for "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You," and "Additional Insured – Owners, Lessees or Contractors – Completed Operations – Automatic Status When Required In Construction Agreement With You." *Id*. at 6.

Further, much like the Tennessee Action, Land Clearing has not appeared in this action and upon Application by Harleysville, the Clerk entered default against Land Clearing. *See* Docs. 25, 27.

### A.     Defendants JRD Contracting and Dailey's Motion to Dismiss

After this declaratory judgment action was filed by Harleysville, Defendants Dailey and JRD Contracting filed their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *See* Doc. 6. In the motion, these defendants assert that they are simply the plaintiffs in the Alabama Action against IP and have no interest in the Harleysville insurance proceeds. They argue that if they recover an

award in the Alabama Action, IP will be required to pay them regardless of the insurance policies and that this declaratory judgment action is a controversy between Plaintiff and IP only. They assert that Harleysville's complaint does not suggest an actual controversy existing between Harleysville and Dailey/JRD Contracting and that they would ultimately not be affected by a judgment in this declaratory judgment action. *Id*.

Harleysville responds in opposition. *See* Doc. 21. First, Harleysville asserts that despite the protestations otherwise, Dailey and JRD Contracting are interested parties and in fact necessary and indispensable parties under Fed. R. Civ. P. 19(a). It argues that under Alabama law, "the injured party acquires a vested interest (secondary) in the nature of a hypothecation of the insured's rights under the policy." *Id*. at 3. Further, Harleysville argues that claimants suing an insured are necessary and indispensable parties in an insurer's declaratory judgment action. *Id*. at 5-12. In short, that an action to declare rights is not a typical claim made against another party, but is instead to determine relative rights. *Id.* at 14.

No reply was filed. Therefore, the motion is fully submitted and ripe for review. The Court further determines that oral argument is unnecessary to resolve this matter.

**B.     IP's Motion to Transfer to the Western District of Tennessee**

IP seeks to transfer venue to the United States District Court for the Western District of Tennessee. *See* Doc. 9. The basis for the request is a forum selection clause between IP and Land Clearing, which IP asserts binds Harleysville as the insurance company. IP also asserts that JRD Contracting and Dailey are improperly joined to give the illusion that venue in Alabama would be proper and should be dismissed. IP attaches the Indemnity Contract between it and Land Clearing as Exhibit 1 to its motion. *See* Doc. 9-1.

Pursuant to the Indemnity Contract, Land Clearing is obligated to defend and indemnify

IP against any claims arising out of the work done under the Indemnity Contract. *Id*. at 6-7. The agreement further obligates Land Clearing to list IP as an additional insured under its liability insurance policy, written by Harleysville. *Id*. at 6. The Indemnity Contract includes provisions on "Governing Law" and "Jurisdiction" which read "This Agreement shall be governed and construed according to the laws of Tennessee without regard to any conflict of law provisions thereof," and "The courts of Tennessee shall have and [sic] exclusive jurisdiction over any disputes arising out of or relating to this Agreement." *Id*. at 8, Art. 33-34. IP acknowledges that Harleysville is not a signatory to the Indemnity Agreement, but says that it is still bound by the clauses because it is a closely related party to that agreement and the underlying dispute between IP and Land Clearing and it was foreseeable that Harleysville would be bound. Doc. 9 at 3-4.

IP further argues that Harleysville violated Fed. R. Civ. P. 30(a)(2)(A) by joining Dailey and JRD Contracting because it does not state any claims pertaining to them. *Id*. at 9-10. Further, IP acknowledges that Dailey and JRD Contracting are not parties to the Indemnity Agreement at issue and cannot be bound by the forum selection clauses. IP states dismissal or severance of Daily and JRD Contracting are the proper remedy for the misjoinder. *Id*. at 10.

Harleysville timely filed its response in opposition to the motion to transfer venue. *See* Doc. 22. It avers that (1) venue is proper in this district, (2) Dailey and JRD Contracting are not only proper parties, but necessary and indispensable parties to the action and their inclusion as Defendants precludes the transfer to Tennessee under 28 U.S.C. § 1404(a), and (3) Harleysville was not a party to the WSA between IP and Land Clearing and therefore not bound by the forum-selection clause. *Id*. at 1.

As part of its response, Harleysville reiterates the timeline in the underlying matters. Harleysville issued its commercial general liability policies to Land Clearing for one year

renewable periods starting on August 31, 2013 and ending on August 31, 2018. *See id*. at 2 (citing the Policies). The Policies excluded coverage for injury or damage arising out of pollution. Almost three years after the first policy was issued to Land Clearing, IP and Land Clearing entered into the WSA. Harleysville was not a party to the WSA nor was JRD Contracting or Dailey. JRD Contracting and Dailey own property onto which they allege Land Clearing brought its dump trucks for repair. When the truck beds had Organo-Ash, Land Clearing would use an excavator to remove the Organo-Ash from the truck beds and deposit it in a stockpile on JRD Contracting and Dailey's property. *Id*. at 2-3. IP terminated the WSA effective May 6, 2017. *Id*. at 3.

On May 18, 2018, JRD Contracting and Dailey filed suit against IP in the Alabama Action alleging "the Organo-Ash on their property contains harmful materials, substances, and/or toxins, including metallic elements, and these contaminants have damaged the land and soil." *Id*. (citing Doc. 1). On February 14, 2020, IP filed suit against Land Clearing in the Tennessee Action alleging, *inter alia*, that Land Clearing breached its duty under the WSA to defend and indemnify IP in the Alabama Action. *Id*. By letter dated March 23, 2020, IP notified Harleysville of the Alabama Action and demanded Harleysville defend and indemnify IP as an additional insured.[1] By letter dated March 25, 2020, attorney Joseph C. McCorquodale III notified the insurance producer of the recently filed Tennessee Action and asked whether or not it would be providing a defense and coverage to Land Clearing. The insurance producer forwarded the letter along with IP's complaint to Harleysville. McCorquodale represents Dailey and JRD Contracting in the instant declaratory judgment case and the Alabama Action.

Harleysville then discusses general federal venue laws under 28 U.S.C. § 1391 and

---

[1] March 23, 2020 is a year and ten months after IP was served with the complaint in the Alabama Action and over a month from when it filed suit against Land Clearing in the Tennessee Action.

Page 8 of 18

dismissal or transfer under 28 U.S.C. § 1406(a) as well as citing *Atlantic Marine Construction Co. v. U.S. Dist. Court for the Western District of Texas*, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 487 (2013).  In sum, it argues that IP must show that this action "might have been brought" in the district court in Tennessee **and** that Harleysville is bound by the forum-selection clause in the WSA.  Harleysville avers IP cannot show either.  *See* Doc. 22 generally.

IP filed its reply on the motion.  *See* Doc. 23.  It agrees that *Atlantic Marine* governs the dispute, but states that Harleysville has misapplied it and rather requires transfer to the Western District of Tennessee.  *Id*. at 2-3.  IP further avers that Harleysville improperly applies a traditional 28 U.S.C. § 1404(a) analysis which is inapplicable to this case because of the forum selection clause.  *Id*. at 3-4.  IP then discusses in greater detail why Harleysville is bound by the forum selection clause.  *Id*. at 5-11.  Finally, IP again argues that the tort plaintiffs (Dailey and JRD Contracting) should be dismissed as they have no interest in the declaratory judgment action and further asserts that Tennessee law and not Alabama law would govern the dispute on the insurance coverage.  *Id*. at 11-15.

Of note, the reply itself is longer in its analysis than the original motion – 17 pages to the original 7 pages excluding exhibits).  Given the breadth of matters raised in the reply, Harleysville requested leave to file a surreply which the Court granted.  *See* Docs. 24, 26.  On September 3, 2020, Harleysville filed its surreply.  *See* Doc. 28.  Harleysville again discusses the application of *Atlantic Marine* and how it mandates transfer is inappropriate.  Harleysville also distinguishes the other cases cited by IP in its reply.

After the extensive briefing on the motion to transfer and the shorter briefing on the motion to dismiss, both intertwined motions are ripe for review and the Court determines that oral argument is not necessary for resolution of the motions.

### III. STANDARD OF REVIEW ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). The court must draw "all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

However, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950, 173 L. Ed 868 (2009). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682, 129 S. Ct. at 1951-52).

Rule 12(b)(6) is read in consideration of Federal Rule of Civil Procedure 8(a)(2), which

requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless the plaintiffs have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S at 556, 127 S. Ct. at 1965).

### IV.   DISCUSSION AND ANALYSIS

**A.   Dailey and JRD Contracting as Defendants**

In the case at hand, despite the extensive briefing on the motion to transfer, the Court first looks to the motion to dismiss (and related argument contained within the transfer briefing) because ultimately, the issue of transfer may be determined by whether Dailey and JRD Contracting are proper parties or if they are misjoined. If they are proper parties, then transfer to Tennessee would not be appropriate. So the Court will start its analysis there.

Typically, when faced with a 12(b)(6) motion to dismiss, a court must limit its consideration to the content of the complaint and any written instruments attached to the

complaint as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

In the case at hand, the complaint attaches as exhibits: Exhibits 1 through 3 the Policies (Ex. 1, August 31, 2015-August 31, 2016; Ex. 2, August 31, 2016-August 31, 2017; Ex. 3 August 31, 2017-August 31, 2018), Ex. 4, the Alabama Action Complaint; and Ex. 5, Dailey's deposition in the Alabama Action. Thus, these certainly can be considered.

The Court takes also judicial notice of court documents from the Tennessee Action (*International Paper Company v. JRD Contracting & Land Clearing, Inc.*, Civ. Act. No. 2:20-cv-2113 (W.D. Tenn) because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (quoting Fed. R. Evid. 201(b) and holding district court may take judicial notice of public records, including prior court proceedings, without converting a motion to dismiss into a motion for summary judgment).

Moving to the substance of the argument as to dismissal of Dailey and JRD Contracting, the Court finds that they are indispensable parties due to the roles as the plaintiffs in the underlying Alabama Action. Rule 19(a)(1) of the Federal Rules of Civil Procedure provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must be joined as a party if*:

    (A)    in that person's absence, the court cannot accord complete relief among existing parties; or

    (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i)    as a practical matter impair or impede the person's ability to protect the interest; or

        (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(emphasis added)

Despite the numerous arguments to the contrary by IP, Dailey, and JRD Contracting, both federal and Alabama caselaw are clear that a tort claimant is an indispensable party to a declaratory judgment action, otherwise the coverage decision would have no binding effect on the tort claimant who may then turn around and file a direct action against the insurer as a judgment creditor. *See McDaniel v. Harleysville Mut. Ins. Co.*, 84 So. 3d 106, 112-13 (Ala. Civ. App. 2011) (recognizing that a declaratory judgment issued by federal court was not binding on the state court tort claimants because they were not parties to the federal declaratory judgment action); *see also Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317 (11th Cir. 2005) (appeal of a declaratory judgment including insurers, insured, and victims); *Am. Safety Cas. Ins. Co. v. Condor Assocs.*, 129 F. App'x 540, 542 (11th Cir. 2005) (affirming dismissal of a declaratory judgment action based on failure to join indispensable party because the tort claimants were indispensable parties; *Andalusia Enters., Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1293-94 (N.D. Ala. 2007) ("[A]n alleged tort victim [has] an interest, actual or theoretical, in whatever finding will ultimately be made on the coverage question, whether against [the plaintiffs] or in their favor. [He is] therefore an indispensable party in the state court action pursuant to § 6-6-227 [of Alabama's Declaratory Judgment Act]."); *c.f. Barton v.*

*Nationwide Mut. Fire Inc. Co.*, Civ. Act. No. 2:17-cv-618-SLB, 2021 U.S. Dist. LEXIS 40786, *17-19, 2021 WL 824985, *6-7 (N.D. Ala. Mar. 4, 2021) (noting that Ala. Code. § 27-23-2 allows a plaintiff to "reach and apply insurance proceeds to satisfy their judgment against an insured by bringing a direct action claim against their insurer" once they have obtained a judgment against the insured.)

Thus, despite the protestations of IP, Dailey, and JRD contracting, it is clear that Dailey and JRD Contracting do ultimately have an interest in the declaratory judgment action where it will be determined whether Harleysville owes a duty of coverage to IP under the WSA and the Policies. Moreover, the potential for inconsistent judgments is disfavored and therefore, the preferred practice in Alabama (including Alabama based federal courts) is for the insurance company to include the person or entity claiming coverage under the policy as well as the underlying tort claimant as parties to the declaratory judgment action.

Consequently, the motion to dismiss (Doc. 6) must be denied.

**B.     Transfer to the Western District of Tennessee**

By its own motion, IP implicitly acknowledges that the presence of Dailey and JRD Contracting prevents transfer because they are not bound by the forum selection clause. *See* Doc. 9. Moreover, IP makes no argument to show that personal jurisdiction over Dailey and JRD Contracting would exist if this case were transferred to the Western District of Tennessee. Therefore, the Court need not delve too deep into all the various issues raised in the motion to transfer venue and the reply.

Though IP briefly mentions severance of Dailey and JRD Contracting, there is zero analysis on the matter. *See* Doc. 9 at 6-7. Moreover, severance defeats the purpose as it would still result in two separate proceedings with the possibility of inconsistent results. Moreover,

Dailey and JRD Contracting would, in essence, have to step into the shoes of IP to argue whether or not coverage applies. That simply would not be an efficient use of the parties' or the judiciary's resources.

Though IP attempts to argue the application of Tennessee law here with regard to the necessity of the tort plaintiffs, the reality is that the Alabama Action precludes such an application. The Alabama Action between IP, Dailey, and JRD Contracting clearly uses the application of Alabama law. If Dailey and JRD Contracting are ultimately successful in their claims, they could bring suit under Ala. Code. § 27-23-2 to reach and apply the insurance proceeds from the Policies. § 27-23-2 states:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Thus, Alabama law, not Tennessee law would govern Dailey and JRD's recovery for the insurance proceeds and IP's multiple references to nonbinding caselaw from other states play no role in the necessity of them as parties. The Alabama courts (both state and federal) have made their position clear on the necessity of the underlying tort plaintiffs.

To be clear, the Court has not decided the merits of the declaratory judgment action or the application of the WSA to the Polices or if Tennessee law is ultimately applicable to the situation on coverage. Yet, this federal court can just as easily apply Tennessee law as the Western District of Tennessee can apply Alabama law as needed or required.

Turning to the main thrust of the motion to transfer, IP argues that pursuant to 28 U.S.C. § 1404(a) the case should be transferred because of the forum selection clause in the WSA. Both parties agree that *Atlantic Marine* governs the dispute, but disagree as to its application.

28 U.S.C. § 1391 provides the guidance on venue in general. It states:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b). *Atlantic Marine* notes that if the case falls within one of those three categories, then venue is proper and may not be dismissed under Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406(a). *Atlantic Marine*, 571 U.S. at 55-56, 134 S. Ct. at 577. "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in §1391(b)." *Id*. at 56, 134 S. Ct. at 577. The Supreme Court goes on to state:

> Although a forum-selection clause does not render venue in a court "wrong" or "improper" within the meaning of §1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under §1404(a). That provision states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

*Id*. at 59, 134 S. Ct. at 579.

IP argues that a transfer pursuant to § 1404 is proper because of the WSA's forum selection clause between it and Land Clearing which it argues would also bind Harleysville.

Page 16 of 18

However, Harleysville is correct that the analysis is a two-part analysis and that IP must make a showing as to both parts. *See* Doc. 22 at 6. Therefore, even if IP could satisfy the second part – i.e. that Harleysville would be bound by the forum selection clause – IP must also be able to show that the action might have been originally brought in the Western District of Tennessee. Dailey and JRD Contracting must remain parties to this declaratory judgment action.

In applying § 1404(a), the Court must first determine whether the alternative venue (Western District of Tennessee) is one in which the action could have been brought originally by the plaintiff. *See Van Dusen v. Barrack*, 376 U.S. 612, 616-618, 84 S. Ct. 805, 809-810, 11 L. Ed. 2d 945 (1961). Thus, the Court looks to § 1391 and its first two basis for jurisdiction. With regard to §1391(b)(1), the finds it is inapplicable because not all defendants reside in Tennessee. JRD Contracting and Dailey both reside in Tennessee. Next, the Court looks to § 1391(b)(2) and finds it is equally inapplicable because the Western District of Tennessee is not a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred nor is a substantial part of the property subject to the action situated there. Thus, the Court looks to the final "catch all" provision of § 1391(b)(3) when (b)(1) and (b)(2) are not applicable – where there is no other district and the defendants are subject to the court's personal jurisdiction. Again, IP fails because there is another jurisdiction (i.e. the Southern District of Alabama) <u>and IP</u> has not demonstrated that Dailey and JRD Contracting were subject to the personal jurisdiction and venue of the Western District of Tennessee. And, in fact by arguing so vehemently that they are inappropriate parties to this declaratory judgment action, IP impliedly concedes the point.

In sum, the Alabama Action is the underlying basis for this declaratory judgment action. JRD Contracting and Dailey are both residents of Alabama (not Tennessee) and the acts or omissions giving rise to the claim occurred in Wilcox County, Alabama. Further, because JRD

Contracting and Dailey remain parties to the suit, the forum selection clause is inapplicable to them and this case cannot be fully transferred.

Therefore, IP fails on the first part of the analysis and the Court need not discuss the second part because both parts are required to obtain a transfer under § 1404(a). Though IP briefly mentions the severance of the JRD Contracting and Dailey, it only mentions it in conjunction with dismissal and provides the Court no articulable basis to splinter this declaratory judgment action into two separate cases.

### V. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants John R. Dailey, Sr. and JRD Contracting, Inc.'s *Motion to Dismiss* (Doc. 6) and *Defendant International Paper Company's Motion to Transfer Venue to the United States District Court for the Western District of Tennessee* (Doc. 9). Defendants are **DIRECTED** to file their respective answers in accordance with the Fed. R. Civ. P. 12(a)(4).

**DONE** and **ORDERED** this 30th day of March, 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE