IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARLEYSVILLE PREFERRED INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. CV-2020-340-TFM-B |
| v. | ) ) ) |
| INTERNATIONAL PAPER CO., JRD CONTRACTING & LAND CLEARING, INC., JOHN R. DAILEY SR., and JRD CONTRACTING, INC., | ) ) ) ) ) |
| Defendants. | ) |

PLAINTIFF'S MOTION TO STAY REQUIREMENT OF PLANNING MEETING AND REPORT, ENTRY OF SCHEDULING ORDER, AND DISCOVERY PENDING DISPOSITION OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Harleysville Preferred Insurance Company (**"Harleysville"**) moves the Court to stay the requirement of a parties' planning meeting and report **(currently due May 14, 2021 [Doc. 31, PageID.1032 [¶ 1])**, entry of a scheduling order, and discovery, pending disposition of Harleysville's motion for judgment on the pleadings ("J.O.P.") (Doc. 40). This motion is based on the following:

1. Harleysville's complaint (Doc. 1) seeks a declaratory judgment that Harleysville does not owe coverage to Defendant International Paper Co. (**"IP"**) for an action pending in the Circuit Court of Wilcox County (**"Alabama action"**), in which the Plaintiffs allege they allowed a waste from IP's mill, called Organo-Ash, to be deposited on their property because IP did not advise them and they did not know that Organo-Ash was a harmful contaminant (Doc. 1, PageID.1, 6-22, 31). Harleysville's complaint also seeks a declaratory judgment that it does not owe coverage to Defendant JRD Contracting & Land Clearing, Inc. (**"Land Clearing"**) for the action that IP filed against Land Clearing in federal court in Tennessee (**"Tennessee action"**), alleging

- 2 -

that Land Clearing, as IP's contractor, deposited the Organo-Ash on the Plaintiffs' property and that Land Clearing owes IP contractual indemnity for the Alabama action (Doc. 1, PageID.1, 22-31).  IP obtained a default judgment against Land Clearing in the Tennessee action (Doc. 28-2).

2. IP has answered Harleysville's complaint and asserted counterclaims for declaratory judgement, breach of contract, and bad faith (Doc. 33).  The other Defendants failed to answer Harleysville's complaint, and the clerk has entered defaults against them (Docs. 27 & 38).  Harleysville has answered IP's counterclaims (Doc. 36).

3. "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008).  Harleysville's motion for J.O.P. asserts that the Pollution Exclusion in Harleysville's Policies bars coverage for the Alabama action, and also for the Tennessee action and judgment.  The motion also asserts that IP and Land Clearing breached the Policies' notice conditions and that the breach precludes coverage for the Alabama action and for the Tennessee action and judgment.  Harleysville's motion is based on the pleadings, documents attached to the pleadings, and other documents the Court may consider because they are central to the parties' claims and their authenticity is undisputed, or because they are public records.  See Yeager v. Ocwen Loan Serv., LLC, 237 F. Supp. 3d 1211, 1215 (M.D. Ala. 2017); Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340 n.12 (11th Cir. 2014); Universal Express, Inc. v. SEC, 177 Fed. Appx. 52, 53-54 (11th Cir. 2006).

4. The Court can and should decide Harleysville's motion for J.O.P. without necessity of a planning meeting or report, entry of a scheduling order, or discovery.  Regarding an insurer's duty to defend, the Court has stated that "[o]rdinarily, a court 'will have no reason to immerse itself in the facts surrounding the incident in question; it need only look to the allegations made

against the insured and decide whether, if proven, those allegations would establish an injury that the policy would cover.'" City of Fairhope v. Charter Oak Fire Ins. Co., 2019 WL 10897012, *9 (S.D. Ala. July 1, 2019) (Moorer, J.). See also id. at *11 ("The question of whether an insurer has a duty to defend its insured in a lawsuit is answered by the language of the insurance policy and the allegations in the complaint."). The "duty to defend is broader than the duty to indemnify," so when "there is no duty to defend…, there is also no duty to indemnify." Auto-Owners Ins. Co. v. McMillan Trucking Inc., 242 F. Supp. 3d 1259, 1266 (N.D. Ala. 2017). Furthermore, "[t]he interpretation of an insurance contract is a matter of law for the court to decide." Shoreline Towers Condo. Owners Ass'n v. Zurich Am. Ins. Co., 196 F. Supp. 2d 1210, 1216 (S.D. Ala. 2002).

5. There is no dispute as to the terms of the Harleysville Policies, the nature of the plaintiffs' claims against IP in the Alabama action, or the nature of IP's claims against Land Clearing in the Tennessee action. See Ladner & Co. v. Southern Guar. Ins. Co., 347 So. 2d 100, 103 (Ala. 1977) (duty to defend depends on "the nature of the claim made by the plaintiff[]" against insured).[1] Nor is there any dispute as to when IP and Land Clearing notified Harleysville of the Alabama action and the Tennessee action. The Court can decide whether the Pollution Exclusion applies and whether IP and Land Clearing breached the Policies' notice conditions, based on the pleadings, documents attached to the pleadings, and other documents described above.

---

[1] A court "may go outside the complaint to determine coverage when the determination cannot be made from the face of the complaint." Sentry Ins. Co. v. Miller, 914 F. Supp. 496, 500 (M.D. Ala. 1996), aff'd in part, rev'd in part, 114 F.3d 1202 (11th Cir. 1997). However, an insured's denying the truth of the plaintiff's allegations, or evidence contradicting the plaintiff's allegations, is irrelevant and cannot create a duty to defend. See id.; Tapscott v. Allstate Ins. Co., 526 So. 2d 570, 572, 575 (Ala. 1988); Ladner & Co., 347 So. 2d at 103.

- 4 -

6. IP has asserted counterclaims for bad faith. If there is no coverage, however, IP cannot maintain a bad-faith claim. See State Farm Fire & Cas. Co. v. Brechbill, 144 So. 3d 248, 257 (Ala. 2013) (elements of bad faith include breach of insurance contract by insurer in refusing payment). Nor does IP, as a judgment creditor of Land Clearing in the Tennessee action, have standing to maintain a bad-faith claim. Any discovery as to bad faith at this juncture would be premature and a waste of resources.

7. There is no current necessity for a planning meeting or report, entry of a scheduling order, or discovery. If the Court grants Harleysville's motion for J.O.P., none of these will ever be necessary.

Based on the above, Harleysville prays that the Court will stay the requirement of a parties' planning meeting and report, entry of a scheduling order, and discovery, pending disposition of Harleysville's motion for J.O.P.

> /s/ William E. Shreve, Jr.
> WILLIAM E. SHREVE, JR. SHREW3946
> BREANNE S. ZARZOUR ZARZJ7602
> Attorneys For Plaintiff

OF COUNSEL:

PHELPS DUNBAR LLP
P. O. Box 2727
Mobile, AL  36652
Telephone:  (251) 432-4481
william.shreve@phelps.com
brie.zarzour@phelps.com

> /s/ Christina May Bolin
> CHRISTINA M. BOLIN   MAYCH6582
> EDGAR M. ELLIOTT, IV
> Attorneys For Plaintiff

- 4 -

- 5 -

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 North 20th St., Ste. 1800
Birmingham, AL  35203
Telephone:  (205) 785-6588
cmbolin@csattorneys.com
emelliott@csattorneys.com

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that I have on May 10, 2021 filed the foregoing with the clerk of court by using the CM/ECF system, which will electronically serve the foregoing on the counsel listed below:

John M. Johnson, Esquire
Brian P. Kappel, Esquire
Charles M. Hearn, Esquire
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com
chearn@lightfootlaw.com

Joseph C. McCorquodale III, Esquire
Post Office Box 1137
Jackson, Alabama 36545
egreen@mccorquodalelawfirm.com

A. David Fawal
Butler Snow LLP
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL  35203
david.fawal@butlersnow.com

Christina M. Bolin
Edgar M. Elliott IV
CHRISTIAN & SMALL LLP
505 North 20th St., Ste. 1800
Birmingham, AL  35203
Telephone:  (205) 785-6588
cmbolin@csattorneys.com
emelliott@csattorneys.com

- 5 -

*/s/ William E. Shreve, Jr.*
WILLIAM E. SHREVE, JR.